

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,268-01

**EX PARTE COREY JOHNSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1367434-A
## IN THE 339TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty and was convicted of delivery of a controlled substance less than one gram and sentenced to one hundred and eighty days' imprisonment in state jail. Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because he did not know of the bad acts of the officer who implicated him in this alleged offense. The State and the trial court agree that Applicant's plea was involuntary. *Ex parte Mathews,* 638 S.W.3d 685 (Tex. Crim. App. 2022); *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). The State and the trial court both recommend

granting relief.  We agree.

Relief is granted.  *Brady v. United States*, 397 U.S. 742 (1970).  The judgment in Cause No. 136743401010 in the 339th Judicial District Court of Harris County is set aside, and Applicant is remanded to the Harris County Sheriff to answer the charges as set out in the indictment.  The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 20, 2023
Do Not Publish